UNITED STATES of America, Appellee,

v.

Norberto GARCIA–PUPO, Defendant, Appellant (Two Cases).

In re Norberto GARCIA–PUPO, Appellant.

Nos. 86–1439, 86–1725 and 86–1906.

United States Court of Appeals, First Circuit.

Heard Dec. 11, 1987.

Decided April 21, 1988.

Eduardo Caballero Reyes, by Appointment of the Court, with whom Law Offices of Eduardo Caballero Reyes, Hato Rey, P.R., were on brief, for defendant, appellant.

Jose R. Gaztambide, Rio Piedras, P.R., with whom Daniel F. Lopez–Romo, U.S. Atty., and Jorge L. Arroyo, Asst. U.S. Atty., Crim. Div., Hato Rey, P.R., were on brief for appellee.

Before COFFIN, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

Appellant Garcia Pupo challenges the sentence he received after pleading guilty to one charge of possession with intent to distribute 1,823 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). He also appeals his convictions under 18 U.S.C. § 1513 and § 401(1) for retaliation against

a government informant and for criminal contempt, respectively. We find no merit to any of appellant's contentions, and affirm the result in all three charges.

■ Garcia first claims that the district judge abused his discretion by imposing a sentence of fifteen years in the face of a plea agreement pursuant to which the prosecutor recommended a six-year sentence. He points out that the presentencing report also recommended a sentence roughly equivalent to the prosecutor's recommendation. The sentence, nevertheless, was well within the statutory maximum of 20 years in prison and a $250,000 fine. *See* 21 U.S.C. § 841(b)(1)(A)(ii) (Supp.II 1984).

Appellant first states that the judge violated the "doctrine established in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1974)." *Santobello*, however, simply stands for the proposition that the *prosecution* is under an obligation to uphold its end of a plea agreement. There is no question but that the prosecution did so in Garcia's case. *Santobello*, therefore, is not applicable.

Furthermore, as Rule 11(e)(1)(B), Fed.R. Crim.P., makes clear, judges cannot be bound by a prosecutor's sentencing recommendation. The defendant also signed the requisite statement in the plea agreement saying that he understood that the judge was not bound. And, finally, the judge went to great lengths to ensure that Garcia fully understood that the sentencing recommendation was just that, a recommendation: he advised Garcia of the maximum penalty, and then said "as to the [sentencing] recommendation of the prosecutor I must advise you—and I want to make this very clear—that the Court is not bound by the recommendation made.... I can impose upon you the maximum penalty provided by the law [and] you will not be allowed to withdraw your guilty plea." Immediately after the defendant had stated that he understood this, the judge said: "In other words, the prosecution has recommended or will recommend a term of imprisonment not to exceed six years, but that is not binding upon me. Are you clear

on that?" Again, Garcia replied in the affirmative.

We find, therefore, that the court was not bound by the agreement between the prosecutor and appellant. We see no infirmity in the procedure followed by the district judge, and we find no abuse of discretion in the sentence imposed.

Defendant's additional argument borders on the frivolous. He argues that we should remand for resentencing in accord with the prosecutor's recommendation, in order to preserve the viability of the judicial system. If we do not, he claims, we will destroy any incentive that might have prompted criminals to plead guilty. The resulting additional burden on the dockets would result in the inability of courts to function effectively, if at all.

We do not deny the importance of the plea agreement to the functioning of our criminal justice system. At the same time, however, we need not bind judges to the prosecutors' sentencing recommendations. We note that Garcia received a sentence five years shorter than the maximum and that he was not fined. Furthermore, the prosecution dropped two serious charges against him that could have resulted in the imposition of additional sentences. We do not feel, in sum, that the criminal justice system is in imminent danger of overload.

■ Next Garcia argues that there was insufficient evidence to support his conviction under 18 U.S.C. § 1513. The incident that gave rise to the charge occurred immediately after the court imposed the sentence just discussed, *ante*. Defendant was sitting next to one Julio Rivera, a co-defendant who had turned government informant. As the judge was leaving the courtroom after passing sentence, appellant rose up and slapped Julio Rivera in the face. For this act he was convicted of knowingly engaging in conduct that caused or threatened to cause bodily injury to a person, with the intent to retaliate against an informant. Garcia now argues that there was no evidence to indicate that he intended to retaliate.

"On appeal, evidence is sufficient if a reasonable person could fairly find the de-

fendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government." *United States v. Rivera Rodriquez,* 808 F.2d 886, 889 (1st Cir.1986) (citation omitted). In this case there is not even a close question. The evidence established the following facts: Garcia knew that Rivera had turned him in and he had earlier made a threatening statement ("Because of you we are here, but you will pay for this."). The inference is clear, and reasonable, that Garcia assaulted Rivera because Rivera had turned him in.

■■■ Garcia was also convicted of criminal contempt for this same event. 18 U.S. C. § 401(1). He argues that convicting him under two separate statutes and giving him consecutive sentences for the same incident violates the United States Constitution. In one breath appellant mentions double jeopardy, due process, cruel and unusual punishment, and double jeopardy again. The cases he cites are both irrelevant and mischaracterized. He concludes this passage with a completely unsupported assertion: "It is double geopardy [sic] to expose a defendant to be tried and sentenced in two different cases for the same events."

Since 1932 it has been clear that two offenses may result from a single act and may both be prosecuted in a single trial. In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the court affirmed two separate convictions arising out of "but one sale" of drugs. *Id.* at 304, 52 S.Ct. at 182. The inquiry then, as now, was whether "[e]ach of the offenses created requires proof of a different element." *Ibid; United States v. Twomey,* 806 F.2d 1136, 1143 (1st Cir.1986). This case easily meets that requirement: 18 U.S.C. § 1513 requires proof of intent to retaliate against a government informant, which 18 U.S.C. § 401(1) does not; and § 401(1) requires proof of misbehavior of a

person either in the court's presence "or so near thereto as to obstruct the administration of justice," which § 1513 does not.

■■ We do not answer, and not in small part because of appellant's patently inadequate briefing of this issue, the next question: whether separate *prosecutions* (*i.e.,* separate trials) based on the same events may violate the Double Jeopardy Clause, regardless of the result of the *Blockburger* test. *See, e.g., Borchardt v. United States,* 469 U.S. 937, 105 S.Ct. 341, 83 L.Ed.2d 276 (1984) (Brennan J., dissenting from denial of writ of certiorari). We note that, in this case, none of the concerns addressed by that constitutional guarantee are present. The two charged offenses address such disparate concerns that the only common element of proof in the prosecution of each case was the slap itself. This element, furthermore, was undisputed in both cases. The defense of each case depended not on disproving that single common element, but on showing the absence of one of the *dissimilar* elements. Each proceeding, therefore, involved radically different defenses, and therefore different prosecutions.

As a result, the government was not able to "practice" its case and then forge the missing links in its chain of proof in light of its experience. *Compare, Ashe v. Swenson,* 397 U.S. 436, 458–59, 90 S.Ct. 1189, 1201–02, 25 L.Ed.2d 469 (1970) (Brennan, J., concurring). Nor does it appear that the government was subjecting the defendant to "repetitive harassment," *Abbate v. United States,* 359 U.S. 187, 200, 79 S.Ct. 666, 674, 3 L.Ed.2d 729 (1959) (separate opinion by Brennan, J.), where the prosecutor's office on one hand, was simply attending to the safety of its witnesses, and the district court, on the other, was by means of a fairly summary proceeding ensuring the orderly administration of justice.[1] In sum, in view of the powerful interest of the

---

1. We note, furthermore, that appellant was not submitted to the ordeal of two full blown trials. The court issued an order to show cause why defendant should not be adjudged guilty of and punished for contempt of court. The court appointed counsel for defendant and held a hearing. At the hearing the court heard argument

on the double jeopardy issue and ruled for the government. Upon hearing arguments and testimony, the court found Garcia guilty as to contempt of court. Sentencing followed immediately after defendant waived the presentence report.

district court in maintaining order in its halls, and in view of the peculiar circumstances of this case, we do not believe this appeal raises double jeopardy concerns of such significance as to warrant an incursion into constitutional areas uncharted by the Supreme Court.[2]

The sentence in appeal No. 86–1439, and the convictions in appeals Nos. 86–1725 and 1906 are, therefore, *affirmed.*

**2.** We find even less merit to appellant's unsupported assertions that somehow he was denied due process because of this double conviction. His additional argument that these actions constitute cruel and unusual punishment under the Eighth Amendment is similarly without precedent in constitutional jurisprudence.